1

2

3

4

5                UNITED STATES DISTRICT COURT

6                EASTERN DISTRICT OF WASHINGTON

7   STEVEN A. GERTSCH,

8                          Plaintiff,            NO: 12-CV-00554-TOR

9        v.                                      ORDER GRANTING DEFENDANT'S
                                                 MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                    JUDGMENT
    Commissioner of Social Security
11  Administration,

12                         Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 14 and 15).  Plaintiff is represented by Maureen J. Rosette.

16  Defendant is represented by Leisa A. Wolf.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on March 26, 2008. Tr. 148-54. These applications were denied initially and upon reconsideration, and a hearing was requested. Tr. 84-88, 90-92, 105-08. A hearing was held before an Administrative Law Judge on April 1, 2010. Tr. 39-79. The ALJ rendered a decision denying Plaintiff benefits on June 25, 2010. Tr. 24-33.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2010. Tr. 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2007, the alleged onset date. Tr. 26. At step two, the ALJ found that Plaintiff had severe impairments consisting of epilepsy, migraine headaches, and status post surgical repair of arterial vascular malformation. Tr. 26. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed

impairment.  Tr. 27.  The ALJ then determined that Plaintiff had the residual

functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)
> with the following additional limitations: never climb ladders, ropes
> or scaffolds; only occasionally climb ramps and stairs, and balance;
> only frequently steep, crouch, kneel and crawl; and he must avoid
> concentrated exposure to extreme cold and avoid moderate exposure
> to hazards (moving machinery and unprotected heights).

Tr. 27.  At step four, the ALJ found that Plaintiff was able to perform his past

relevant work as a security guard.  Tr. 31.  Though not necessary in light of her

step four finding, the ALJ proceeded to step five.  After considering the Plaintiff's

age, education, work experience, and residual functional capacity, the ALJ

concluded that there are jobs that exist in significant numbers in the national

economy that the Plaintiff can perform.  Tr. 31-32.  Thus, the ALJ concluded that

Plaintiff was not disabled and denied his claims on that basis.  *Id.*

The Appeals Council denied Plaintiff's request for review on August 14,

2012, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-7; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises one issue for review: whether the ALJ properly considered

the opinions of treating physicians Daniel W. Moullet, M.D., and Edmund W.

Gray, M.D.  ECF No. 14 at 11-15; ECF No. 16 at 2-4.

DISCUSSION

Plaintiff contends that the ALJ erred in rejecting the opinions of treating physicians Dr. Moullet and Dr. Gray that Plaintiff was disabled.  ECF No. 14 at 11-15; ECF No. 16 at 2-4.  Specifically, Plaintiff contends that the ALJ improperly rejected these physicians' opinions on the ground that they relied too heavily on Plaintiff's subjective complaints.  ECF No. 14 at 13-14; ECF No. 16 at 3-4.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible."

1  *Tommasetti v. Astrue*, 553 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and

2  citation omitted).

3      The ALJ afforded "significant weight" to the opinions of treating physicians

4  Dr. Moullet and Dr. Gray, except as to two brief comments concerning Plaintiff's

5  apparent inability to work.  Tr. 31.  As Defendant correctly notes, the ALJ rejected

6  these opinions because they were based almost exclusively upon Plaintiff's

7  subjective complaints of disabling headaches and/or seizures—complaints which

8  the ALJ had previously rejected as not credible.  Specifically, the ALJ explained:

9      There are a lot of factual inconsistencies in this record.  The claimant
        reports having migraines since he was 14 years old.  This means the
10      claimant worked at [substantial gainful activity] levels prior to his
        alleged onset date.  The claimant even reported to Dr. Moullet that he
11      did not feel he was disabled.  The claimant's level of physical activity
        is also inconsistent with his allegations of disability.  The claimant has
12      reported that he has hauled firewood, siphoned gas, helped a friend
        move cars, and drove a pickup in the woods [and] hit a stump.  The
13      claimant has also twice reported that he was shoveling snow.  The
        claimant reported in July 2008 that he was doing a lot of swimming.
14      This claimant reported working on cars, playing with his kids, fishing,
        and sledding, although he previously reported that he did not go
15      fishing.  In addition, the claimant has reported that he did not drive
        because he did not want to put his family or others in danger and
16      [because of] the fact that a physician told him he could not drive.
        However, the record reflects several inconsistencies in which the
17      claimant did drive, and dr[ove] while drunk on one occasion.
        Furthermore, at the hearing the claimant testified that he drives to see
18      his children now.  These factual inconsistencies seriously affect the
        claimant's credibility.

19
        One of the problems with this case is [that] it is unclear whether there
20      is a current diagnosis of seizures or epilepsy for this claimant.  The
        claimant did not respond to epileptic medication, but there is no

objective evidence to confirm whether the claimant's "episodes" are seizures. The state agency expert noted this problem and opined that the claimant had no exertional limitations. A state agency mental expert opined that the claimant had no medically determinable psychological impairment. Considering all the evidence of record, the claimant's physical allegations, and the noted problems with the claimant's credibility, the undersigned finds that the claimant is limited to the above residual functional capacity.

Tr. 30-31 (citations omitted). The ALJ also noted that Dr. Moullet was reluctant to sign Plaintiff's medical disability paperwork, and only did so after noting that the Plaintiff described himself as able to work with the appropriate medication. Tr. 28-29, 346, 348, 354.

Having reviewed the entire record, the Court finds that the ALJ's rejection of Dr. Moullet's and Dr. Gray's opinions concerning Plaintiff's ability to work is grounded in clear and convincing reasons supported by substantial evidence. The ALJ expressly found that Plaintiff's subjective complaints of headaches and seizures were not credible. Tr. 28-30. That finding, which Plaintiff has not challenged on appeal, is supported by substantial evidence. The ALJ did not err in rejecting treating source opinions which relied almost exclusively on Plaintiff's subjective complaints. *Tommasetti v. Astrue*, 553 F.3d at 1041. Accordingly, Defendant is entitled to summary judgment.

//

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 15) is

   **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** August 22, 2013.



THOMAS O. RICE
United States District Judge